UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDRE D. HANSBROUGH,**

    **Petitioner,**

    **v.**                                                      Case No. 13-CV-39

**MICHAEL BAENEN,**

    **Respondent.**

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

The petitioner, Andre D. Hansbrough ("Hansbrough"), a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hansbrough was convicted of one count each of felony murder, armed burglary, and false imprisonment, all as a party to a crime. (Judgment of Conviction, Answer ("Ans."), Ex. A, Docket # 8-1.) He was sentenced to thirty years of imprisonment followed by sixteen years of extended supervision. (*Id.*)

The parties have briefed the petition for a writ of habeas corpus and the petition is ready for disposition. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

Hansbrough was charged with being party to the crimes of first-degree intentional homicide, armed robbery with use of force, armed burglary, and false imprisonment. (*State v. Hansbrough*, 2010AP369, Ans., Ex. E, Docket # 8-5 at 2.) The jury was provided with nine verdict forms for five possible counts. (*Id.* at 4.) The jury received separate guilty and not guilty forms for each count with

the exception of the lesser-included party to the crime of felony murder, for which it received only a guilty verdict form. (*Id.*) Hansbrough's attorney objected to the missing verdict form during an off-the-record discussion, but did not object on the record. (*Id.*) The jury found Hansbrough not guilty of first-degree intentional homicide, but guilty of being a party to the crimes of felony murder, armed robbery with use of force, armed burglary, and false imprisonment. (*Id.* at 3.) The parties stipulated to the dismissal of the armed robbery count prior to sentencing as it provided the underlying felony for the lesser-included offense of felony murder. (*Id.*)

After the jury trial, Hansbrough was convicted on August 15, 2008 of one count each of felony murder, armed burglary, and false imprisonment, all as party to a crime. (Judgment of Conviction, Ans., Ex. A, Docket # 8-1.) Hansbrough filed a motion for postconviction relief on October 23, 2009 and the court held a hearing on the motion on December 21, 2009. (Hearing on Postconviction Motion, Ans., Ex. V, Docket # 8-22.) The circuit court denied the motion and Hansbrough appealed the circuit court's order. (*Id.*; Defendant's Wisconsin Court of Appeals Brief, Ans., Ex. B, Docket # 8-2.) The Wisconsin Court of Appeals affirmed the circuit court's judgment in a decision dated May 11, 2011. (Docket # 8-5.) Hansbrough filed a petition for review with the Wisconsin Supreme Court, which was denied on October 24, 2011. (Petition for Review, Ans., Ex. F, Docket # 8-6; Order Denying Petition for Review, Ans., Ex. H, Docket # 8-8.) Hansbrough filed the instant petition for writ of habeas corpus on January 11, 2013. (Docket # 1.)

## STANDARD OF REVIEW

Hansbrough's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or

involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376 (2000). In reviewing the merits of a petition for habeas relief, "[t]he relevant decision for purposes of our assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369,374 (7th Cir. 2006) (*citing McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003)). In this case, it is the decision of the Wisconsin Court of Appeals that is at issue.

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

## ANALYSIS

Hansbrough argues he was denied his constitutional right to have a jury determine guilt beyond a reasonable doubt when the circuit court failed to provide the jury with a "not guilty" verdict form. (Petitioner's Br. at 5, Docket # 16.) The court of appeals found, and the parties do not contest, that the circuit court erred by failing to provide the "not guilty" verdict form. (Docket # 8-5 at 5.) However, the court of appeals determined that the error was a trial error as opposed to a structural error and thus was subject to a harmless error analysis. (*Id.* at 9.) The court of appeals further found the error was indeed harmless. (*Id.* at 14.) Hansbrough contests the court of appeals' determination

- 3 -

Case 1:13-cv-00039-NJ   Filed 11/05/13   Page 3 of 15   Document 21

that the error was a trial error, and further argues the court of appeals erroneously determined the error was harmless. (Docket # 16 at 5.) Hansbrough further argues his counsel was ineffective for failing to object to the missing verdict form on the record. (*Id.* at 26.)

    *1.*        *Waiver and Exhaustion of State Court Remedies*

The respondent argues Hansbrough either waived or procedurally defaulted his claim that the court of appeals erroneously determined that the circuit court's error was harmless. (Docket # 18 at 19.) The respondent contends while Hansbrough argued in both his habeas petition and before the state courts that the circuit court's failure to provide the verdict form was a structural error not subject to a harmless error analysis, he did not go a step further and argue alternatively that even if the error was subject to harmless error analysis, it was not harmless error. (*Id.*) The Court disagrees. While Hansbrough may not have specifically made this alternative argument in either his habeas petition or before the court of appeals, this argument logically flows from whether the error was subject to the harmless error analysis. The purpose of the exhaustion requirement is to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)). The court of appeals clearly had this opportunity. Even without Hansbrough's alternative argument, the court of appeals in fact addressed the issue on the merits and determined the error was harmless. Thus, Hansbrough has not procedurally defaulted this claim. For the same reasons, Hansbrough has not waived this claim by failing to specifically articulate the alternative argument in his habeas petition. He included the court of appeals' decision with his habeas petition that addressed the merits of this argument. The issue has been fully briefed before this Court. Thus, the Court will address this issue.

*2. Structural or Trial Error*

The court of appeals decided that the failure to provide the not guilty verdict form on the lesser-included offense of party to the crime of felony murder was a trial error, rather than a structural error. In reaching this conclusion, the court of appeals stated that a defendant has a constitutional right to a jury's determination of guilt beyond a reasonable doubt as to each charged offense. The court also found that constitutional errors at trial fall into two categories: trial errors, which are subject to harmless error analysis, and structural errors, which are not. (Docket # 8-5 at 5-6) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)). Citing *State v. Ford*, 2007 WI 138, ¶ 43, 306 Wis. 2d 1, 742 N.W.2d 61, which quotes *Fulminante* and *Neder v. United States*, 527 U.S. 1 (1999), the court of appeals explained that structural errors are defects affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself, and such errors infect the entire trial process and necessarily render a trial fundamentally unfair. (*Id.* at 6.) Citing *Fulminante*, the court of appeals stated that trial errors may be quantitatively assessed in the context of the other evidence presented in order to determine whether it was harmless beyond a reasonable doubt. (*Id.*)

The court of appeals found that the Supreme Court has found structural error in only a very limited class of cases, and reviewed several Supreme Court cases in which structural error was found. (*Id.*) The court of appeals stated that it had failed to uncover any Wisconsin or United States Supreme Court cases addressing whether the failure to provide appropriate verdict forms constitutes structural error. (*Id.* at 7.) As such, "guided by those [Supreme Court] cases in which the trial court erred during the instruction and deliberation phase of trial," the court of appeals concluded that the failure to provide the jury with a not guilty form for one of the five charged offenses did not constitute structural error. (*Id.* at 9.)

Hansbrough would have this Court review *de novo* whether the circuit court's error was a structural or trial error. (Docket # 16 at 16) ("The question here is: did the failure to give the jury a not guilty verdict form—on the count the jury convicted on—constitute structural error." ). This is not the standard. To prevail on habeas review, Hansbrough must show that the decision of the court of appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). This Court's review is therefore constrained by the highly deferential standard prescribed by the AEDPA, 28 U.S.C. § 2254(d)(1), for evaluating state-court decisions. *Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010). Thus, the question on habeas review is whether the court of appeals' finding that the error was a trial error violated clearly established Federal law. On this question, the Wisconsin Court of Appeals stated that it did not uncover any United States Supreme Court cases addressing whether the failure to provide appropriate verdict forms constitutes structural error. Hansbrough has not cited and this Court has not found a Supreme Court case addressing this issue. When there is no clearly established Supreme Court law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006). Accordingly, this Court cannot find that the Wisconsin Court of Appeals' conclusion that the failure to provide the not guilty verdict form was a trial error contradicted clearly established Federal law.

Hansbrough cites *Braley v. Gladden*, 403 F.2d 858 (9th Cir. 1968) in support of his argument. However, *Braley* is not controlling. Although the court in *Braley* granted habeas relief because it found that the failure to furnish a not guilty verdict form was "so significantly irregular as to require a new trial," *id.* at 860, this Ninth Circuit decision is not controlling Supreme Court precedent and was decided prior to the enactment of the highly deferential standard of AEDPA.

- 6 -

Further, although also not controlling Supreme Court precedent and also pre-AEDPA, the Seventh Circuit in *United States ex rel. Ross v. Franzen*, 688 F.2d 1181, 1186-87 (7th Cir. 1982) found that the failure to provide a "not guilty" verdict form to the jury was harmless error, thus indicating such an action is subject to a harmless error analysis. Thus, this Court does not find Hansbrough is entitled to habeas relief on the ground that the failure to provide a "not guilty" verdict form was a structural error.

  3.  *Harmless Error*

Next, Hansbrough argues that even if the circuit court's error is subject to a harmless error analysis, the court of appeals erred in finding that the failure to provide the not guilty verdict form for the lesser included offense, felony murder, was harmless. Where, as here, the state court has conducted a harmless error analysis, this Court's role is to decide whether that analysis was a reasonable application of *Chapman v. California*, 386 U.S. 18 (1967). *Kamlager v. Pollard*, 715 F.3d 1010, 1016 (7th Cir. 2013). The Seventh Circuit has established a two-step process for harmless error claims on habeas review:

> If the state court has conducted a harmless-error analysis, the federal court must decide whether that analysis was a reasonable application of the *Chapman* standard. If the answer is yes, then the federal case is over and no collateral relief issues . . . If the answer is no—either because the state court never conducted a harmless-error analysis, or because it applied *Chapman* unreasonably—then § 2254(d) drops out of the picture and the federal court must make an independent decision, just as if the state court had never addressed the subject at all.

*Johnson v. Acevedo*, 572 F.3d 398, 404 (7th Cir. 2009). If a habeas court must make an independent decision, it will apply the "actual prejudice" standard articulated in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Id.*

- 7 -

Case 1:13-cv-00039-NJ   Filed 11/05/13   Page 7 of 15   Document 21

Under *Chapman*, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. An error is harmless if the state proves "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* In applying *Chapman*, the Supreme Court has articulated the inquiry as such: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" *Neder v. United States*, 527 U.S. 1, 18 (1999).

Citing to *Fry v. Pliler*, 551 U.S. 112 (2007), Hansbrough states that this Court need not separately address whether the state court correctly applied *Chapman*. (Docket # 16 at 21.) This position is understandably grounded in the current state of the law on this issue. In *Jones v. Basinger*, 635 F.3d 1030, 1052 n.8 (7th Cir. 2011), the Seventh Circuit analyzed a harmless error issue using *Brecht* in the first instance. And other circuits have concluded that *Fry* eliminates the need to conduct the *Chapman* inquiry and instead requires the reviewing federal court to analyze the constitutional error under *Brecht* in the first instance. *United States ex rel. Robinson v. Atchison*, No. 08 C 4027, 2012 WL 669049, *7 n.5 (N.D. Ill. Feb. 27, 2012) (collecting cases). However, even in *Basinger*, the Seventh Circuit acknowledged that "[t]echnically, if the state courts have conducted their own harmless-error analysis on direct review, 'the federal court must decide whether that analysis was a reasonable application of the *Chapman* standard' under AEDPA before applying the *Brecht* standard." 635 F.3d at 1052 n.8 (citing *Johnson*, 572 F.3d at 404). Because the AEDPA/*Chapman* standard is "more liberal" than the *Brecht* standard, "any error sufficiently harmful to satisfy the *Brecht* 'actual prejudice' standard could be deemed harmless beyond a reasonable doubt only by unreasonably applying *Chapman*." *Id.*

- 8 -

Although it is clear from *Kamlager*, the Seventh Circuit's most recent case addressing harmless error, that this Court must decide whether the court of appeals reasonably applied *Chapman*, for completeness, the Court will analyze the court of appeals' decision under both *Chapman* and *Brecht*.

### 3.1 *Chapman* Standard

Hansbrough has not shown the court of appeals' decision is contrary to, or involved an unreasonable application of *Chapman*. In determining the error was harmless, the court of appeals cited *State v. Harvey*, 2002 WI 93, 254 Wis. 2d 492, 647 N.W.2d 189, which in turn cites *Neder*, for the harmless error standard. (Docket # 8-5 at 9-10.) The court of appeals held that based on its review of the record, "it is clear beyond a reasonable doubt that a rational jury would have found Hansbrough guilty of felony murder absent the trial court's failure to provide the not guilty verdict form." (*Id.* at 10.)

In finding that it was clear beyond a reasonable doubt that a rational jury would have found Hansbrough guilty absent the error, the court of appeals considered that while the jury was not provided with a not guilty verdict form for the lesser-included charge of party to the crime of felony murder, it was provided with not guilty forms for the remaining four offenses. (*Id.* at 11.) The court of appeals considered the fact that Hansbrough's defense throughout the trial was that he was not present at the house where the crime occurred and that he had been wrongly identified by individuals seeking to obtain favorable treatment by the State. (*Id.*) Thus, by finding him guilty of armed robbery, a charge for which the jury was provided with a not guilty form, the jury rejected Hansbrough's defense to the only disputed element of felony murder—whether Hansbrough was involved in the armed robbery. (*Id.*)

- 9 -

Case 1:13-cv-00039-NJ   Filed 11/05/13   Page 9 of 15   Document 21

Hansbrough argues that the court of appeals erred in its analysis because "the question for the jury wasn't whether Hansbrough was there, it was whether the state proved beyond a reasonable doubt that Hansbrough committed first-degree intentional homicide, and if not, whether the state proved beyond a reasonable doubt that he committed felony murder-armed robbery, armed robbery, burglary, and false imprisonment, each as party to a crime." (Docket # 16 at 21-22.) In short, Hansbrough argues that by failing to give the jury the mechanism by which it could decide the case, the circuit court denied Hansbrough his right to have the jury determine guilt beyond a reasonable doubt. (*Id.* at 20.) The circuit court, Hansbrough argues, left the jury with no option but to find him guilty of the lesser included charge. The Court disagrees.

As the court of appeals found, the circuit court properly instructed the jury on all charges, including that of party to the crime of felony murder. (Docket # 8-5 at 11-12.) In addition to generally instructing the jury that the State has the burden of establishing every fact necessary to constitute guilt and that if "you can reconcile the evidence upon any reasonable hypothesis consistent with the defendant's innocence, you should do so and return a verdict of not guilty," the circuit court specifically instructed the jury regarding felony murder that "If you are not satisfied that the defendant is guilty of first-degree intentional homicide while armed you must consider *whether or not* the defendant is guilty of party to the crime of felony murder which is a lesser degree of criminal homicide." (*Id.* at 12) (emphasis in original). Further, regarding felony murder, the circuit court instructed the jury that the State must prove by evidence which satisfies them beyond a reasonable doubt that all of the elements were present and that the law presumes the defendant to be innocent and the "presumption requires a finding of not guilty unless in your deliberations you find it is overcome by evidence which satisfies you beyond a reasonable doubt that the defendant is guilty."

(*Id.*). Finally, as the court of appeals concluded, juries are presumed to have followed the court's instruction and during the circuit court's postverdict poll of the jury, each juror confirmed his or her finding of guilt as to felony murder. (*Id.* at 13-14.)

Additionally, Hansbrough argues the court of appeals only considered Hansbrough's defense and did not analyze the weaknesses in the state's case, specifically, that the only evidence tying Hansbrough to the apartment were statements by people "who were desperately trying to get the lowest possible sentence." (Petitioner's Reply Br. at 5-6, Docket # 20.) This is inaccurate. The court of appeals considered and rejected Hansbrough's argument that he had been wrongly identified by individuals seeking to obtain favorable treatment by the State (Docket # 8-5 at 11) and concluded that "in the context of the entire trial proceedings, the trial court's error in failing to provide the jury with a not guilty verdict form was harmless. Given that the trial court properly instructed the jury and that the jury found Hansbrough guilty of the related counts, we are satisfied beyond a reasonable doubt that a rational jury would have found Hansbrough guilty of felony murder even if it had been provided the proper verdict forms." (*Id.* at 14).

In sum, the court of appeals properly articulated and analyzed Hansbrough's case under the *Chapman* standard. Hansbrough has not shown that the court of appeals' harmless error analysis was an unreasonable application of *Chapman*.

### 3.2    *Brecht* Standard

Although this Court has determined that the court of appeals reasonably applied *Chapman* and thus, under *Johnson*, "the federal case is over," 572 F.3d at 404, even under the *Brecht* standard, Hansbrough is not entitled to habeas relief. Under *Brecht*, a constitutional error is considered harmless only if it can be shown to have had a substantial and injurious effect or influence in determining the

jury's verdict. 507 U.S. at 631. Under *Brecht*, if a habeas court has so much as a "grave doubt as to the harmlessness of [a constitutional error], it should grant relief." *Basinger*, 635 F.3d at 1052 (alteration in original) (internal citation omitted). Hansbrough argues that by failing to give the jury the "not guilty" verdict form on the felony murder charge, the jury was not given the option of finding Hansbrough not guilty of felony murder. (Docket # 16 at 26.) However, Hansbrough has not shown that the failure to provide the jury with a "not guilty" form for the felony murder charge had a substantial and injurious effect or influence in determining the jury's verdict. Hansbrough does not dispute that the jury was properly instructed by the court on all of the charges. (Docket # 8-5 at 11.) Regarding felony murder, the court instructed the jury as follows:

> If you are satisfied beyond a reasonable doubt that the defendant committed the crime of armed robbery and that the death of Antonio Strong was caused by the commission of the armed robbery you should find the defendant guilty of party to the crime of felony murder. If you are not so satisfied then you must find the defendant not guilty of felony murder.

(Jury Trial Transcript, June 27, 2008, Ans., Ex. T, Docket # 8-20 at 17.) The court further instructed the jury that "[t]he law presumes every person charged with the commission of an offense to be innocent. This presumption requires a finding of not guilty unless in your deliberations you find it is overcome by evidence which satisfies you beyond a reasonable doubt that the defendant is guilty." (*Id.* at 26.) Thus, it is clear the circuit court instructed the jury that finding Hansbrough not guilty of felony murder was an available option. This further distinguishes the case from *Braley*, on which Hansbrough relies, because in that case not only did the court fail to provide the jury with a not guilty verdict form, the court did not explicitly inform the jury that it had the option of finding the defendant not guilty. 403 F.2d at 859-60. Finally, as stated earlier, the court polled the jury postverdict and each juror confirmed a finding of guilt as to felony murder. (Docket # 8-20 at 84-

- 12 -

Case 1:13-cv-00039-NJ   Filed 11/05/13   Page 12 of 15   Document 21

90.) Thus, Hansbrough has not shown that the failure to provide the "not guilty" verdict form for the felony murder charge had a substantial and injurious effect or influence in determining the jury's verdict and thus he is not entitled to habeas relief on this issue.

   4.   *Ineffective Assistance of Counsel*

Hansbrough also argues his counsel was ineffective for failing to object to the missing verdict form on the record. (Docket # 16 at 26.) During the direct appeal, the state argued Hansbrough forfeited the missing verdict form claim because his counsel failed to object to it on the record. (*Id.*) At the post-conviction motion hearing, trial counsel admitted that he objected to the missing verdict form off the record, but failed to renew his objection on the record. (*Id.*) The circuit court accepted this explanation and Hansbrough argued on appeal that this preserved the issue for appellate review. (*Id.*) The court of appeals stated that because Hansbrough's claim "fails regardless of the analysis employed—harmless error or ineffective assistance of counsel—we proceed under the harmless error analysis" (Docket # 8-5 at 10 & n.2) and addressed Hansbrough's constitutional claim regarding the circuit court's failure to provide a "not guilty" verdict form for the felony murder charge on the merits.

The parties agree that if this Court directly addresses the constitutional claim regarding the failure to provide the "not guilty" verdict form, it need not address ineffective assistance of counsel. (Docket # 16 at 27; Docket # 18 at 29.) The Court agrees. Further, because this Court finds that the failure to provide the verdict form was harmless error, counsel was not ineffective for failing to object on the record. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

Regarding the issue of whether the failure of the circuit court to provide the jury with a "not guilty" verdict form for the felony murder charge was a structural or trial error, reasonable jurists would not debate that the court of appeals' finding that the error was a trial error and thus subject to a harmless error analysis was not contrary to clearly established Supreme Court law as none exists addressing this exact issue. As to the harmless error issue, it is not debatable that the court of appeals correctly articulated the law as stated in *Chapman* and reasonably applied *Chapman* in finding harmless error. Further, it is not debatable that the circuit court's error was harmless under *Brecht*. As such, the Court will deny Hansbrough a certificate of appealability.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

- 14 -

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of November, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge