# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE D. HANSBROUGH,**

    **Petitioner,**

  **v.**                                                          **Case No. 13-CV-39**

**MICHAEL BAENEN,**

    **Respondent.**

### ORDER ON PETITIONER'S MOTION
### TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On December 5, 2013 habeas petitioner Andre D. Hansbrough ("Hansbrough") filed a notice of appeal of the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 23.) Hansbrough has also filed a motion to proceed *in forma pauperis* on appeal. Hansbrough requests *in forma pauperis* status so that he may avoid paying the appellate filing fee of $505.00.

For a prisoner to proceed on appeal *in forma pauperis*, three requirements must be satisfied. First, Section 1915(a)(1) of Title 28, United States Code, authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. To establish indigence, the appellant must complete an affidavit stating: (1) that he is unable to pay the filing fee; (2) that he is entitled to redress; and (3) the issues that he intends to present on appeal. 28 U.S.C. § 1915(a)(1); Federal Rules of Appellate Procedure 24(a)(1). A prisoner appellant must also submit a certified copy of his prisoner trust fund account statement for the six-month period immediately preceding the notice of appeal. 28 U.S.C. § 1915(a)(2).

Second, Section 1915(a)(3) adds that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous. *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026. An appeal is not taken in good faith if no reasonable person could suppose it has any merit. *Lee*, 209 F.3d at 1026. The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988). A district court should not hold a petitioner to an inappropriately high standard when making a determination of good faith. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether to grant a request for *in forma pauperis* status. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Finally, a prisoner appellant may not appeal a judgment in a civil action or proceeding if the prisoner has three strikes. 28 U.S.C. § 1915(g).

In his motion, Hansbrough states that his *pro bono* counsel has had difficulty obtaining a certified copy of his prison trust account statement for the six-month period prior to the filing of his notice of appeal. He requests an order directing the Green Bay Correctional Institution to provide the Court, counsel, or Hansbrough with a certified copy of his trust account statement either without payment of the fees or with the fees to be paid directly by counsel. Hansbrough also states that he is indigent and includes an affidavit dated August 9, 2012 in which Hansbrough avers that he has no assets. (Docket # 25-1.) Hansbrough states that his financial situation has not changed since August 2012.

I will request that the clerk send a copy of this Order to the prison and request that the prison allow counsel to directly pay the fee for the prison trust account statement. After receipt of the payment, the prison shall either mail the forms directly to the Court or provide them to Hansbrough. However, Hansbrough's request to proceed *in forma pauperis* on appeal is deficient in several ways beyond his failure to provide a certified copy of his prisoner trust fund account statement. As stated above, to establish indigence, the appellant must complete an affidavit stating: (1) that he is unable to pay the filing fee; (2) that he is entitled to redress; and (3) the issues that he intends to present on appeal. 28 U.S.C. § 1915(a)(1); Federal Rules of Appellate Procedure 24(a)(1). The affidavit must show "in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Federal Rules of Appellate Procedure 24(a)(1)(A). Hansbrough does not use the affidavit found in Form 4 of the Appendix of Forms. Further, Hansbrough's motion does not state that he is entitled to redress, nor does it state the issues that he intends to present on appeal. Thus, I will allow Hansbrough to file an amended motion for leave to proceed *in forma pauperis* on appeal, along with a certified copy of his prisoner trust fund account statement for the six-month period immediately preceding the notice of appeal. Upon receipt of these documents, I will address Hansbrough's motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the clerk send a copy of this Order to the Green Bay Correctional Institution. The Green Bay Correctional Institution shall allow Attorney Amelia L. Bizzaro to directly pay the fee for the prison trust account statement. After receipt of the payment, the prison shall either mail the forms directly to the Court or provide them to Hansbrough.

- 3 -

Case 1:13-cv-00039-NJ    Filed 12/06/13    Page 3 of 4    Document 30

**IT IS FURTHER ORDERED** that Hansbrough shall file an amended motion for leave to proceed *in forma pauperis* on appeal consistent with this Order.

Dated at Milwaukee, Wisconsin this 6th day of December, 2013.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge